1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EVAN SARGENT, | No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | |
| CITY OF SEATTLE, a Washington municipal corporation; and DONALD WATERS in his official capacity and individually, including his marital community with JANE DOE WATERS, | JURY DEMAND |
| Defendants. | |

## INTRODUCTION

Plaintiff Evan Sargent, through his counsel of record, Patrick Preston, Thomas Brennan, and McKay Chadwell, PLLC, brings this civil rights and Washington common law tort action against the defendant City of Seattle and individual defendant Seattle Police Department (SPD) officer Donald Waters for damages arising from Sargent's unlawful arrest, malicious property damage and assault with a firearm by Officer Waters on July 28, 2009.

## I. PARTIES, JURISDICTION AND VENUE

1.1     Plaintiff Evan Sargent is an adult man who currently, and at all times material to this action, resides and has resided in King County, Washington.

1.2     Defendant City of Seattle is a Washington municipal corporation doing business

COMPLAINT FOR DAMAGES - 1
G:\CLIENTS\01678\004\PLEADINGS\COMPLAINT_SARGENT.PLD.DOCX

**McKay Chadwell, PLLC**
600 University Street, Suite 1601
Seattle, Washington 98101-4124
(206) 233-2800  Fax (206) 233-2809

ORIGINAL

1  in Seattle, Washington, organized under the laws of the State of Washington, and acting under

2  color of state law.  SPD is an agency of the City of Seattle, duly authorized to provide law

3  enforcement services to the citizens of the City of Seattle, and at all material times employed the

4  individual defendant Donald Waters as a police officer.

5        1.3    Defendant Donald Waters at all times material to this action, acted under color of

6  state law and pursuant to his authority as a SPD officer.  He is sued in his official and individual

7  capacities.

8

9        1.4    Defendant Jane Doe Waters is designated as the corresponding legal spouse of

10  defendant Donald Waters, who is sued in his individual capacity and including his marital

11  community.

12

13        1.5    The Court has jurisdiction over Sargent's federal civil rights claim under 42

14  U.S.C. § 1983 and 28 U.S.C. §1343 and Washington common law tort claims under 28 U.S.C. §

15  1367(a).

16        1.6    Sargent served defendant City of Seattle on August 13, 2010 with a claim for

17  damages pursuant to RCW 4.96.020 and SMC 5.24.005.  More than 60 days has elapsed since

18  presentation and the City of Seattle did not pay the claim.

19

20        1.7    Venue is predicated on the fact that the acts complained of occurred in King

21  County, Washington, and venue is proper pursuant to 28 U.S.C. § 1391(b).  Some or all of the

22  defendants reside in King County.

23

24  ## II. BACKGROUND FACTS

25        2.1    On July 28, 2009, at approximately 5:00 p.m., Evan Sargent drove a truck into the

26  alley running parallel to, and east of, the 4500 block of California Avenue Southwest in a

27  commercial district of West Seattle.  He temporarily parked the truck in the alley next to the

28

COMPLAINT FOR DAMAGES - 2
G:\CLIENTS\01678\004\PLEADINGS\COMPLAINT_SARGENT.PLD.DOCX

entrance of his mother's business, Hands on Health, turned on the truck's hazard lights and entered to pick up a load of her business laundry. Vehicles frequently park temporarily in this alley in order to service the many commercial businesses on the block.

2.2 Donald Waters, an SPD officer not on duty, was driving his personal vehicle, an SUV, in the area and entered the alley to bypass rush hour traffic at nearby intersections. Waters was wearing street clothes. When he reached Sargent's truck, he saw that it was unoccupied and parked with the hazard lights flashing.

2.3 Rather than waiting until the driver returned to move the truck, putting his own vehicle in reverse to exit the alley in the direction that he had come from, or attempting to drive around the truck, Waters instead parked in the alley and left his vehicle unattended to search for and confront the driver of the truck. Waters became upset after speaking to employees of other commercial businesses who did not know the identity or whereabouts of the driver of the truck.

2.4 Moments later, Sargent returned from his mother's business with a load of laundry, which he placed in the back of the truck. Waters approached Sargent and berated him for parking in the alley, despite having done so himself. Waters did not identify himself as a police officer, and Sargent had no reason to believe that Waters was a police officer. Sargent agreed to move the truck without responding in kind to Waters' agitated and confrontational demeanor. Waters continued to yell at Sargent as Sargent attempted to reverse the truck away from Waters. Waters, unwilling to end the confrontation, pounded on the hood of Sargent's truck and punched off the side view mirror on the passenger's side, frightening Sargent and causing him to stall the engine.

2.5 Waters rounded the front of the truck toward the driver's side door. Sargent fumbled with the door latch and fell to the ground. With Waters nearly standing over him in a fit

McKay Chadwell, PLLC
600 University Street, Suite 1601
Seattle, Washington 98101-4124
(206) 233-2800  Fax (206) 233-2809

1   of rage, Sargent retrieved a Little League baseball bat from the truck and scrambled to his feet.

2   Waters repeatedly tried to grab the bat as Sargent held it back in a defensive posture.  Sargent

3   made no attempt to strike Waters, instead protecting himself from the attack with a check-swing.

4        2.6     After Sargent screamed for a bystander to call 911, Waters went to his SUV and

5   drew a handgun.  He aimed it at Sargent, who dropped the bat and put his hands up, fearing that

6
    he would be shot.  Waters then claimed that he was a police officer.  Sargent responded in
7
8   disbelief, "you're not a cop," but made no further attempt to defend himself.  Sargent had no idea

9   during the assault that Waters, in plain clothes, was an off-duty police officer.

10       2.7     Waters called 911 on his cell phone.  His immediate concern was to conceal his

11  acts of violence.  He told the 911 operator that he was an officer and that other witnesses would

12
    be calling.  His concerns were accurate, as a prior 911 caller reported a man in the alley with a
13
14  gun.

15       2.8     Waters downplayed the incident to the 911 operator, making no reference to the

16  property damage he had caused, his use of a firearm to threaten Sargent's life, or expressing any

17
    threat posed by Sargent.   Although Sargent remained within walking distance of his truck, and
18
19  the two were alone in the alley, Waters repeatedly denied safety concerns to the 911 operator.

20  Waters stated that "everything is under control."  He exhibited a complete lack of urgency, asking

21  that responding patrol vehicles not use "lights and sirens."  He instead directed the operator to

22
    "tell them it's fine."
23
24       2.9     Within minutes, Waters' fellow officers, including Officer Willie Askew, Jr.,

25  Officer Gregory Traver, Officer Michael Torres and Sergeant Joseph Maccarrone, arrived at the

26  alley where they could see the obvious damage to Sargent's truck.  Waters reported an

27  "aggravated assault on an officer" with a weapon, which effectively covered up his seizure and

28

COMPLAINT FOR DAMAGES - 4
G:\CLIENTS\01678\004\PLEADINGS\COMPLAINT_SARGENT.PLD.DOCX

McKay Chadwell, PLLC
600 University Street, Suite 1601
Seattle, Washington 98101-4124
(206) 233-2800  Fax (206) 233-2809

detention of Sargent, and the property damage Waters had caused.  Sargent, who had never been arrested and had no criminal history, was handcuffed and transported by Officer Traver to the local SPD precinct station.   Sergeant Maccarrone photographed the incident scene, but not the specific damage to Sargent's truck.  No officer took into evidence the broken side view mirror, which lay on the ground next to the truck.

2.10    SPD patrol officers in the alley, including the primary investigating officer, Willie Askew, Jr., did not investigate or arrest Waters for intentionally damaging Sargent's vehicle or for threatening Sargent's life with a firearm, or even cite Waters for blocking the alley with his personal vehicle.

2.11    Instead, Officer Askew proceeded with Sargent's formal arrest despite a lack of probable cause to believe that Sargent had committed any crime.  Sargent was handcuffed and placed in a patrol car.  Sgt. Maccarrone supervised Sargent's arrest in the alley.

2.12    Officer Torres confiscated Sargent's Little League baseball bat, which he took to SPD's Southwest Precinct station.  SPD never returned the bat to Sargent, despite the subsequent refusal of two prosecuting authorities to charge Sargent with any crime.

2.13    Sgt. Maccarrone later drove to the Southwest Precinct station, where he obtained further supervisory approval of Sargent's unlawful arrest from Lieutenant Guynn, the Southwest Precinct Watch Commander.  Lieutenant Guynn, without objection, approved and authorized Sargent's arrest and continued incarceration.

2.14    SPD Policy and Procedure (DP&P) Manual Section 6.010 – Arrest Procedures, Subsection II. C., required that:

> C.    In cases where a person is arrested or detained for assaulting an on-duty or off-duty officer:
>
> 1.    A sworn supervisor of the rank of lieutenant or

COMPLAINT FOR DAMAGES - 5
G:\CLIENTS\01678\004\PLEADINGS\COMPLAINT_SARGENT.PLD.DOCX

McKay Chadwell, PLLC
600 University Street, Suite 1601
Seattle, Washington 98101-4124
(206) 233-2800  Fax (206) 233-2809

1

above shall be notified, and

2

    2.    The suspect shall not be released until the incident
is reviewed by the aforementioned supervisor.

3

4

Policy 6.010 contained no exception to the required detention of a suspect pending supervisory

5

review, regardless of whether a supervisor was available to respond to the arrest location, the

6

length of the detention of the suspect, whether the initial seizure was supported by probable

7

cause, or whether evidence existed that contradicted the allegations of the allegedly assaulted

8

officer.  Instead, Policy 6.010 mandated that the suspect "shall not be released."

9

10

    2.15    In compliance with SPD DP&P Section 6.010, Sgt. Maccarrone and Officers

11

Torres, Traver and Waters ensured that Sargent was not released until Lieutenant Guynn later

12

approved the unlawful arrest at the Southwest Precinct station.  Sargent remained in SPD's

13

custody until he was transported to the King County jail in downtown Seattle.  His initial

14

15

appearance for "investigation of assault" took place at the jail courtroom the next day.  After the

16

hearing and posting $1,000.00 bail, he was released.  He never was charged with a criminal

17

offense.

18

    2.16    On July 29, 2009, SPD assigned Detective Nathan Janes to review the arrest

19

20

report of Officer Askew.  Janes referred SPD's investigation to the King County Prosecuting

21

Attorney's Office (KCPAO) to request on July 30, 2009 that Sargent be "rush" charged with a

22

felony assault on Waters with a deadly weapon.  After the KCPAO declined to charge Sargent

23

and sought more information from Janes regarding exculpatory witnesses identified by Sargent's

24

defense counsel, Janes never again referred the investigation for charging consideration by the

25

26

KCPAO.

27

    2.17    Waters' fabrications about the incident in SPD's investigation report and

28

documentation were contradicted by witnesses identified in the days following the incident by a

COMPLAINT FOR DAMAGES - 6
G:\CLIENTS\01678\004\PLEADINGS\COMPLAINT_SARGENT.PLD.DOCX

McKay Chadwell, PLLC
600 University Street, Suite 1601
Seattle, Washington 98101-4124
(206) 233-2800 Fax (206) 233-2809

private investigator and former King County Sheriff's Office detective hired by Sargent's defense counsel. SPD failed to identify or interview these readily available witnesses at the incident scene on July 28, 2009, including a 911 caller. Sargent provided this information to Detective Janes.

      2.18    During an August 18, 2009 interview of one exculpatory witness identified by Sargent's counsel, Detective Janes received confirmation that Waters had misrepresented Sargent's lawful actions in self-defense. The SPD witness interview transcript included the following exchange:

> JANES:    So I just want to make sure I got this right. 'Cause I have the black guy [Officer Waters] telling me that this young kid [Sargent] actually swung the bat at him. Tried to hit him in the head and that's why he had to get his gun. Is that true or not?
>
> [REDACTED WITNESS NAME]:   Far away, like like.
>
> JANES:    Far away so he never had a chance to hit him in the head?
>
> [REDACTED WITNESS NAME]:   Not, not at all.

      2.19    In order to fabricate his story in SPD investigative materials, Waters submitted multiple, conflicting accounts of the incident. One report he belatedly submitted 27 hours after the fact. For example, Waters' report to Askew of <u>accidentally</u> breaking the side view mirror as he "jumped backwards" later became part of an <u>intentional</u> act while pounding "on the hood of the truck." Waters' report to Askew that he had been standing on the "<u>passenger side</u> of the vehicle" when Sargent began to back up later changed to him being "practically next to this <u>driver's side</u> window." Physical evidence from the broken side view mirror, however, also showed that Waters had been positioned on the <u>passenger's side</u> when Sargent briefly moved the truck in reverse – back and to the right – before stalling it. Under these circumstances, it would have been impossible for Sargent to have "nearly pinned" Waters, as he claimed in his delayed

COMPLAINT FOR DAMAGES - 7
G:\CLIENTS\01678\004\PLEADINGS\COMPLAINT_SARGENT.PLD.DOCX

McKay Chadwell, PLLC
600 University Street, Suite 1601
Seattle, Washington 98101-4124
(206) 233-2800  Fax (206) 233-2809

1  statement, because the truck was moving away from Waters at that point.  Waters also claimed in

2  the same statement, that prior to breaking the side view mirror, he intended to "inform" Sargent

3  of a "vehicle violation," after parking his personal vehicle in the alley as well.

4      2.20    Despite receiving exculpatory witness statements and corroborating photographs

5
6  and physical evidence from Sargent's counsel, knowing the inconsistencies in Waters'

7  statements in SPD's report, and the lack of probable cause, Detective Janes met with other

8  ranking SPD officers to develop a plan to attempt to have Sargent charged with misdemeanor

9  offenses by the Seattle City Attorney.  Janes refused to investigate Waters for any criminal

10  offense.  Janes also did not ask a neutral law enforcement agency for a criminal investigation of

11
12  Waters.

13      2.21    On January 20, 2010, Janes received notice that the Seattle City Attorney also

14  declined to charge Sargent with any offense.

15      2.22    Prior to SPD's referral of its investigation to the Seattle City Attorney for a

16
17  second charging review, SPD initiated an investigation of Sargent's complaint of criminal acts

18  by Waters that had violated his civil rights.  By then, SPD possessed credible evidence that

19  Sargent suffered civil rights violations from Waters' actions on the incident date, which included

20  his arrest and detention without probable cause and the use of excessive force by Officer Waters.

21  SPD nevertheless ratified these civil rights violations by concluding the misconduct investigation

22
23  of Officer Waters through SPD's Office of Professional Accountability (OPA) with a "not

24  sustained" finding, which did not find misconduct or impose any disciplinary measures.

25      2.23    Over Sargent's written objections to the "not sustained" finding, OPA refused to

26  reopen its investigation, stating in an April 16, 2012 letter to Sargent that the investigation

27  remained a "closed and certified OPA case."

28

COMPLAINT FOR DAMAGES - 8
G:\CLIENTS\01678\004\PLEADINGS\COMPLAINT_SARGENT.PLD.DOCX

### III.  CAUSES OF ACTION

3.1     Sargent re-alleges and incorporates paragraphs 1.1 through 2.23.

3.2     The defendants' actions and omissions were done under color of the laws of the State of Washington and pursuant to and as a result of the policies, customs and practices of the City of Seattle.

3.3     At all relevant times, defendant Donald Waters acted within the scope of his employment with the City of Seattle.

### A.     Unreasonable Seizure in Violation of the Fourth Amendment and 42 U.S.C. § 1983

3.4     Sargent re-alleges and incorporates the allegations in paragraphs 1.1 through 3.3.

3.5     Defendant Waters unlawfully seized Sargent by pounding on the hood of Sargent's vehicle and intentionally breaking off a side view mirror, thereby effectively arresting Sargent without probable cause in violation of Sargent's right to be free from unreasonable seizures and under the Fourth Amendment and 42 U.S.C. § 1983.  Waters' use of a firearm to threaten Sargent's life during the same incident was a continuation of this violation of Sargent's civil rights.

3.6     As a proximate result of this violation of Sargent's civil rights, Sargent suffered harm and damages in an amount to be determined at trial.

### B.     Unreasonable Use of Force in Violation of the Fourth Amendment and 42 U.S.C. § 1983

3.7     Sargent re-alleges and incorporates the allegations in paragraphs 1.1 through 3.6.

3.8     Defendant Waters used unreasonable force to seize, threaten and detain Sargent, including the unlawful use of a firearm, in violation of Sargent's right to be free from the use of unreasonable force against his person and under the Fourth Amendment and 42 U.S.C. § 1983.

COMPLAINT FOR DAMAGES - 9
G:\CLIENTS\01678\004\PLEADINGS\COMPLAINT_SARGENT.PLD.DOCX

McKay Chadwell, PLLC
600 University Street, Suite 1601
Seattle, Washington 98101-4124
(206) 233-2800  Fax (206) 233-2809

3.9     As a proximate result of this violation of Sargent's civil rights, Sargent suffered harm and damages in an amount to be determined at trial.

## C.     Unconstitutional Policies, Practices and/or Customs in Violation of the Fourth Amendment and 42 U.S.C. § 1983

3.10    Sargent re-alleges and incorporates the allegations in paragraphs 1.1 through 3.9.

3.11    Defendant City of Seattle, through SPD's policies, practices and/or customs, caused the violation of Sargent's right to be free from unreasonable seizure and unlawful detention under the Fourth Amendment and 42 U.S.C. § 1983.

3.12    SPD officers arrested and detained Sargent under SPD Policy and Procedure Manual Section 6.010, even though probable cause did not support Sargent's seizure by Waters. The SPD policy manual mandated without exception that Sargent not be released "until the incident is reviewed by the aforementioned supervisor," which caused Sargent's continued illegal detention.

3.13    Based upon the foregoing city policies, practices, customs, and omissions, the City of Seattle acted, and failed to act, in violation of Sargent's rights under the Fourth Amendment and 42 U.S.C. § 1983.

3.14    In addition, during the date of this incident and all subsequent acts, the City of Seattle had policies, practices, and/or customs that tolerated SPD's use of unnecessary or excessive force, including but not limited to using unnecessary or excessive force against individuals who are already under physical control.

3.15    During the date of this incident and all subsequent acts, the City of Seattle had policies, practices, and/or customs that tolerated SPD officers unnecessarily escalating incidents resulting in the use of unnecessary or excessive force against individuals.

3.16    During the date of this incident and all subsequent acts, the City of Seattle had

COMPLAINT FOR DAMAGES - 10
G:\CLIENTS\01678\004\PLEADINGS\COMPLAINT_SARGENT.PLD.DOCX

McKay Chadwell, PLLC
600 University Street, Suite 1601
Seattle, Washington 98101-4124
(206) 233-2800  Fax (206) 233-2809

policies, practices, and/or customs whereby supervisors and/or command staff failed to adequately oversee officers' use of force.  The City of Seattle also failed to maintain adequate training, policies, or practices to provide supervisors and command staff with direction on how to supervise individual officers' use of force.

3.17    During the date of this incident and all subsequent acts, the City of Seattle ratified defendant Waters' unreasonable use of force.

3.18    As a proximate result of the City's policies, practices, and/or customs, Sargent's civil rights were violated and he suffered harm and damages in an amount to be determined at trial.

**D.    Ratification of SPD's Violation of the Fourth Amendment and 42 U.S.C. § 1983**

3.19    Sargent re-alleges and incorporates the allegations in paragraphs 1.1 through 3.18.

3.20    Defendant City of Seattle, through OPA's investigation of the acts and omissions of Officer Waters, and the information and materials provided by Sargent, received clear notice of the violation of Sargent's civil rights under the Fourth Amendment and 42 U.S.C. § 1983.

3.21    The City of Seattle nevertheless ratified the violation of Sargent's civil rights under the Fourth Amendment and 42 U.S.C. § 1983 through OPA's conclusion of its misconduct investigation of Officer Waters with a "not sustained" finding.  OPA's conclusion was reviewed and approved by SPD's chief law enforcement officer, the Chief of Police.

3.22    As a proximate result of the City's violation of Sargent's civil rights through such ratification, he suffered harm and damages in an amount to be determined at trial.

**E.    Trespass to Chattel - Property Destruction**

3.23    Sargent re-alleges and incorporates the allegations in paragraphs 1.1 through 3.22.

COMPLAINT FOR DAMAGES - 11
G:\CLIENTS\01678\004\PLEADINGS\COMPLAINT_SARGENT.PLD.DOCX

McKay Chadwell, PLLC
600 University Street, Suite 1601
Seattle, Washington  98101-4124
(206) 233-2800  Fax (206) 233-2809

3.24    Donald Waters, through his above-described actions, intentionally and recklessly interfered with Sargent's personal property without lawful justification when Waters pounded on the hood of Sargent's truck and broke the side view mirror.

3.25    Waters lacked any lawful justification for interfering with, and destroying, Sargent's property, and Waters did so while acting within the course and scope of his employment as a SPD officer at all relevant times.

3.26    As a result of Waters' actions, and based upon the vicarious liability of the City of Seattle for Waters' actions as its employee, Sargent was deprived of use of his property and suffered harm and damages in an amount to be determined at trial.

**F.    Intentional Infliction of Emotional Distress**

3.27    Sargent re-alleges and incorporates the allegations in paragraphs 1.1 through 3.26.

3.28    Defendant Waters, by the above-described actions and omissions, intentionally, or with reckless indifference to Sargent's well-being, inflicted severe emotional distress upon Sargent.

3.29    The actions and omissions of the defendant Waters as alleged above are so outrageous in character, and extreme in degree, as to go beyond all bounds of decency.

3.30    The actions and omissions of defendant Waters caused Sargent to suffer emotional distress and to terminate his employment so as to avoid another similar confrontation with Waters or other like-minded SPD officers.

3.31    As a proximate result of the intentional infliction of emotional harm by Waters, and based upon the vicarious liability of the City of Seattle for Waters' actions as its employee, Sargent suffered harm and damages in an amount to be determined at trial.

**McKay Chadwell, PLLC**
600 University Street, Suite 1601
Seattle, Washington 98101-4124
(206) 233-2800  Fax (206) 233-2809

**G.     Malicious Prosecution**

3.32    Sargent re-alleges and incorporates the allegations in paragraphs 1.1 through 3.31.

3.33    Sargent has the right to be free from malicious prosecution.

3.34    Defendant Waters, and defendant City of Seattle based upon its vicarious liability for Waters' actions as its employee, committed the tort of malicious prosecution against Sargent by (a) causing institution of a criminal prosecution of Sargent that included a first appearance hearing while Sargent was unlawfully incarcerated, (b) without probable cause to support Sargent's arrest, detention or any criminal charge, (c) through malice, (d) for which two independent prosecuting attorneys refused to file any criminal charge, resulting in Sargent's release and the favorable termination of proceedings, and (e) for which Sargent suffered harm and damages in an amount to be determined at trial as a proximate result.

**IV.  JURY DEMAND**

4.1     Sargent makes a jury demand consistent with Fed. R. Civ. P. 38.

**V.  PRAYER FOR RELIEF**

Wherefore, plaintiff Sargent prays for the following relief and judgment against defendants:

5.1     Special and general damages in an amount to be proven at trial;

5.2     Punitive damages under 42 U.S.C. § 1983 against all defendants other than the City of Seattle;

5.3     Costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and any applicable Washington authorities;

5.4     Prejudgment interest;

COMPLAINT FOR DAMAGES - 13
G:\CLIENTS\01678\004\PLEADINGS\COMPLAINT_SARGENT.PLD.DOCX

1     5.5     Such other and further relief to be proven at the time of trial and as the Court

2   deems just and appropriate.

3           DATED July 18, 2012.

4

5                                           McKAY CHADWELL, PLLC

6

7                                           

8

9                                           Patrick J. Preston, WSBA No. 24361
                                            Thomas M. Brennan, WSBA No. 30662
10                                          Attorneys for Plaintiff Evan Sargent
                                            600 University Street, Suite 1601
11                                          Seattle, WA  98101-4124
                                            Phone: (206) 233-2800
12                                          Fax:     (206) 233-2809
                                            Email: pjp@mckay-chadwell.com
13                                                  tmb@mckay-chadwell.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES - 14
G:\CLIENTS\01678\004\PLEADINGS\COMPLAINT_SARGENT.PLD.DOCX